UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CRIMINAL ACTION NO. 6:21-CR-00013-REW-HAI

UNITED STATES OF AMERICA                                                           PLAINTIFF

V.                          **BINDING PLEA AGREEMENT**

LORI BARNETT                                                                            DEFENDANT

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Count 1 of the Indictment, charging a violation of 21 U.S.C. § 846, conspiracy to unlawfully distribute controlled substances. Pursuant to Rule 11(c)(1)(A), the United States will move at sentencing to dismiss Counts 3 through 27 as to the Defendant. Pursuant to Rule 11(c)(1)(C), the United States and the Defendant agree to the U.S.S.G. calculations and the specific sentence set forth in Paragraph 5 below. Pursuant to Rule 11(c)(4), if the Court accepts this plea agreement, the agreed disposition will be included in the judgment. Pursuant to Rule 11(c)(1)(A), the United States will not bring additional non-tax criminal offenses against the Defendant based upon evidence in its possession at the time of the execution of this Agreement and arising out of the Defendant's conduct within the Eastern District of Kentucky and the Eastern District of Tennessee, unless the Defendant breaches this Agreement.

2. The essential elements of Count 1 are:

    (a) First, that two or more persons conspired, or agreed, to knowingly or intentionally distribute controlled substances in an unauthorized manner, that is, through prescriptions that were not issued for a legitimate medical purpose by a practitioner acting within the usual course of professional practice; and

    (b) the Defendant knowingly and voluntarily joined in this conspiracy.

3. As to Count 1, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

    (a) From 2013 to 2018, EHC Medical Offices, PLLC ("EHC") was a Professional Limited Liability Company registered in the state of Tennessee. EHC had offices in Jacksboro, Tennessee, and Harriman, Tennessee.

    (b) The Defendant was a registered nurse. The Defendant was dating and living with Robert Taylor, a licensed medical doctor with a registration from the Drug Enforcement Administration ("DEA") that authorized him to prescribe controlled substances.

    (c) Taylor founded EHC in 2013 and was the sole owner of EHC until November 2018. The Defendant managed the day-to-day operations of EHC throughout that same time period.

    (d) EHC held itself out as a clinic to treat patients who suffered from opioid use disorder. Almost all patients treated at EHC received prescriptions for buprenorphine, a Schedule III controlled substance. EHC employed a number of physicians, who were putatively engaged in addiction medicine, primarily prescribing buprenorphine.

    (e) As the manager of EHC, the Defendant knew that EHC physicians were compensated based primarily on the number of patients the physicians saw. The Defendant also knew that Taylor received a portion of the money generated by each patient visit to the clinics.

    (f) During the course of the Defendant's management of EHC, EHC physicians issued prescriptions for controlled substances, to include buprenorphine, a Schedule III controlled substance, and certain benzodiazepines, including clonazepam, that are Schedule IV controlled substances. These prescriptions were not authorized, that is, they were not issued for a legitimate medical purpose by an individual practitioner acting in the usual course of his or her professional practice

in violation of 21 U.S.C. § 841(a)(1). The Defendant acknowledges that she either knew or deliberately ignored a high probability that the manner in which she and others agreed to operate EHC would cause prescriptions to be unauthorized pursuant to federal law.

(g) As an example of how the Defendant and others structured EHC's operation in a way that caused unauthorized controlled-substance prescribing, there were days on which physicians working for EHC saw more patients than could be seen while acting within the usual course of professional practice. Because the Defendant oversaw patient scheduling, assigning the number of patients physicians would see on a given day, the Defendant knew that physicians were seeing these volumes of patients and that physicians were unable to spend the appropriate amount of time with patients. Those days include, but are not limited to, the following examples:

   i. On or about March 24, 2015, an EHC physician prescribed 90 doses of buprenorphine to "BB." The physician prescribed to approximately 83 other patients at the EHC clinic in Jacksboro, TN that same day. BB was a resident of Barbourville in Knox County in the Eastern District of Kentucky.
   ii. On or about April 1, 2015, an EHC physician prescribed 90 doses of buprenorphine and 90 doses of clonazepam to "KS." The physician prescribed to approximately 81 other patients at the EHC clinic in Jacksboro, TN that same day. KS was a resident of Arjay in Bell County in the Eastern District of Kentucky.
   iii. On or about February 27, 2015, an EHC physician prescribed 90 doses of buprenorphine and 90 doses of clonazepam to "OB." The physician prescribed to approximately 74 other patients at the EHC clinic in Jacksboro, TN that same day. OB was a resident of Williamsburg in Whitley County in the Eastern District of Kentucky.
   iv. On or about December 8, 2015, an EHC physician prescribed 90 doses of buprenorphine and 45 doses of Valium to "EL." The physician prescribed to approximately 51 other patients at the EHC clinic in Jacksboro, TN that same day. EL was a resident of Manchester in Clay County in the Eastern District of Kentucky.
   v. On or about April 15, 2014, an EHC physician prescribed 90 doses of buprenorphine and 90 doses of clonazepam to "EP." The physician prescribed to approximately 56 other patients at the EHC clinic in Harriman, TN that same day. EP was a resident of Stearns in McCreary County in the Eastern District of Kentucky.

  vi. On or about December 31, 2015, five EHC physicians prescribed buprenorphine to approximately 345 patients, which patients included residents of the Eastern District of Kentucky.

4. The statutory punishment for Count 1 is imprisonment for not more than 10 years, a fine of not more than $500,000, and a term of supervised release at least 2 years. A mandatory special assessment of $100 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of the entry of the plea.

5. The United States and the Defendant agree to the following U.S.S.G. calculations and specific sentence, which binds the Court upon acceptance of this plea agreement.

  (a) United States Sentencing Guidelines (U.S.S.G.), November 1, 2021, manual, determines the Defendant's guidelines range.

  (b) Pursuant to U.S.S.G. § 2D1.1, the base offense level is 20 because, given the limitations set forth for Schedule III controlled substances in the Drug Conversion Table in application note 8(D), the drug quantity is at least 60KG but less than 80KG of Converted Drug Weight.

  (c) Pursuant to U.S.S.G. § 2D1.1(b)(18), if the Defendant meets the criteria set forth in U.S.S.G. § 5C1.2(a), decrease the offense level by 2 levels.

  (d) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 3 levels for the Defendant's acceptance of responsibility.

  (e) The Defendant's total offense level is level 15.

  (f) The Defendant has 0 criminal history points, which places the Defendant in criminal history category I.

  (g) Based on offense level 15 and criminal history category I, the guidelines range for imprisonment is 18-24 months before the application of the other factors set forth in 18 U.S.C. §3553(a).

  (h) The Defendant's sentence of imprisonment shall be no less than 0 months and no more than 14 months as determined by the Court at sentencing.

(i) The Defendant's term of supervised release shall be 2 years. In addition to the mandatory and special conditions of supervised release listed in U.S.S.G. § 5D1.3, the conditions of supervised release shall include any other condition determined by the Court at sentencing

6. The Defendant waives the right to appeal the guilty plea, conviction, and sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

7. Nothing in this Plea Agreement shall prohibit the Defendant from asserting "that there are exceptional reasons why [the Defendant's] detention would not be appropriate" while awaiting sentencing pursuant to 18 U.S.C. § 3145(c).

8. The Defendant consents to, and agrees that she will not contest, the seizure and forfeiture of $212,301.23 in U.S. currency seized from BB&T Bank account ending x1445 in the name of Robert Taylor and Lori Barnett. The Defendant will execute any documents necessary for the seizure and forfeiture of these funds and provide any assistance necessary to facilitate passing clear title to the funds to the United States. The Defendant agrees that this property is subject to forfeiture pursuant to 21 U.S.C. §§ 853 and 881 because a nexus exists between the property and the violation of 21 U.S.C. § 846 to which she is pleading guilty, as set out in the forfeiture allegation of the Indictment. The Defendant further waives any and all rights to contest the forfeiture of any other assets identified in the forfeiture allegation in the Indictment, including but not limited to any third-party claims thereto.

Upon completion of the seizure and forfeiture of the funds identified above, the

United States will file a motion to dismiss in the related civil forfeiture action pending before this Court (Civil Action No. 6:18-cv-315-REW), seeking dismissal of the funds that are the subject of this Plea Agreement from that action. The Defendant waives any and all rights to contest the forfeiture of any assets named as defendants in the civil forfeiture action or to seek the recovery of any costs or expenses related to that action, including but not limited to any attorney's fees. The amount set forth above shall constitute the total amount of any forfeiture, financial penalties, or restitution against the Defendant

9. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading guilty, the Defendant agrees to complete and sign a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. The Defendant will not encumber, transfer, or dispose of any monies, property, or assets under the Defendant's custody or control without written approval from the United States Attorney's Office. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. If the Defendant fails to comply with any of the provisions of this paragraph,

the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

10. The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court.

11. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

12. This Agreement does not bind the United States Attorney's Offices in districts other than Eastern District of Kentucky and the Eastern District of Tennessee, or any other federal, state, or local prosecuting authorities.

13. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

CARLTON S. SHIER, IV
UNITED STATES ATTORNEY

Date: 4/19/2023      By: _____
                         Gregory Rosenberg
                         Andrew E. Smith
                         Assistant United States Attorneys

Date: 4/19/2023          _____
                         Lori Barnett
                         Defendant

Date: 4/19/2023          _____
                         Deborah B. Barbier
                         Attorney for Defendant


**APPROVED**, this _____ day of _____, _____.


_____
UNITED STATES DISTRICT JUDGE